IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAWN PETRO, et al., on behalf of Themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>FCA US LLC,<br><br>    Defendant. | C.A. No. 22-621-GBW |

## MEMORANDUM ORDER

Pending before the Special Master is a Motion to Stay Discovery brought by Defendant. (D.I. 46). After briefing was complete, I held a hearing regarding the motion on July 26, 2023.

I reviewed and considered the parties' briefs and attached exhibits, cited case law, and the parties' arguments made at the hearing.

**THE SPECIAL MASTER'S RULING**

The Special Master's ruling regarding the motion was announced at the conclusion of the hearing as follows:

> I understand plaintiffs' argument that this is a discovery dispute, but I agree with defendant that I may rule on this as a motion to stay discovery.
>
> The grant of a motion to stay is discretionary. The District of Delaware typically considers three factors when deciding to grant a motion to stay. "[W]hether granting the stay will simplify the issues for trial; the status of the litigation, . . . and whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow a movant to gain a clear tactical advantage." [*Toshiba Samsung Storage Tech. Korea Corp. v. LG Elec's, Inc., et al.*, 193 F.Supp.3rd 345, 348 (D. Del. 2016).]
>
> Under the first factor, simplification, the Delaware court assesses "*all* the possible outcomes of the proceeding or inquiry that the case would be stayed in favor of - not just the potential outcome most favorable to the party seeking the stay." But the Court does not "evaluate the legal merits of the proceeding or inquiry that the movant seeks a stay in favor of," and in this case, that's defendant's motion to dismiss. [*Kaavo Inc. v. Cognizant*

*Tech. Solutions Corp.*, C.A. No. 14-1192-LPS-CJB, 2015 WL1737476, at *2, n.4 (D. Del. Apr. 9, 2015).]

Under the second factor, which is the status of the litigation, the Delaware court considers issues such as whether discovery is complete and if a trial date has been set. [*Toshiba*, 193 F.Supp.3rd at 348.]

Under the third factor, undue prejudice, the Delaware court considers issues such as the timing of the stay request and the status of review proceedings . . . . [*Toshiba*, 193 F.Supp.3rd at 348.]

Factor one, simplification. Defendant has moved to dismiss all of the counts of plaintiffs' first amended complaint. While it is possible that many or all of the counts will be dismissed, it is equally likely that counts will survive. Therefore, I find this factor slightly favors a stay.

Factor two, status of the litigation, defendant's motion to dismiss is still outstanding. Document production must be substantially complete by October 15th, 2023; class discovery must be completed by December 1st, 2023, but there is no trial date set yet. However, I do not find that this case is at a convenient stopping point. Next week is August, which means document production must be substantially complete in less than two months. In addition, defendant has requested oral argument of its motion to dismiss on January 27, 2023. Therefore, I find this factor disfavors a stay.

Factor three, undue prejudice. Defendant moved for a stay on May 17, 2023. This was more than four months after plaintiffs served their first RFPs. It was also more than three months after defendant filed its reply brief in support of its motion to dismiss and request for oral argument on the motion. In addition, it is unclear when oral argument on defendant's motion to dismiss or a final opinion regarding a motion will occur. Therefore, I find this factor slightly disfavors a stay.

When I do a balancing of the stay factors, I find that it slightly disfavors the stay . . . . Defendant has not shown the equities tilt in its favor, and I therefore deny defendant's motion to stay.

Now, this is not to say that some of plaintiffs' discovery requests are not overbroad, but we will address those issues in the discovery dispute arena.

## CONCLUSION

As detailed above, Defendant's Motion to Stay Discovery (D.I.46) is **DENIED**.

If I have not discussed certain assertions made or case law cited by the parties that does not mean that I did not consider them before making my Ruling.

The parties are referred to D.I. 55 regarding procedures for any appeal of this Ruling.

Dated July 31, 2023                    */s/ Helena C. Rychlicki*
                                       Helena C. Rychlicki, Special Master