**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| SHAWN PETRO, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | | Civil Action No. 22-621-GBW |

Kelly A. Green, Jason Z. Miller; SMITH, KATZENSTEIN & JENKINS, LLP, Wilmington, DE; Russell D. Paul, Abigail Gertner, Amey J. Park, Natalie Lesser, BERGER MONTAGUE PC, Philadelphia, PA.

*Counsel for Plaintiffs*

Patrick M. Brannigan, Jessica L. Reno, ECKERT SEAMANS CHERIN & MELLOTT, LLC, Wilmington, DE; Stephen A. D'Aunoy, Scott H. Morgan, KLEIN THOMAS LEE & FRESARD, St. Louis, MO.

*Counsel for Defendant*

**MEMORANDUM OPINION**

March 19, 2026
Wilmington, Delaware

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

Pending before the Court is Defendant FCA US LLC's ("Defendant" or "FCA") Partial Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint ("Motion") (D.I. 92), which has been fully briefed (D.I. 93; D.I. 96; D.I. 98). For the reasons set forth below, the Court grants-in-part and denies-in-part the Motion.

## I.    BACKGROUND

The following are (1) allegations from the Second Amended Complaint ("SAC") that are assumed true for the purpose of this Memorandum Opinion and (2) relevant procedural history.

"FCA manufactured, marketed, distributed, and sold the Class Vehicles without disclosing that the valve train system in the Engines were defective in design, workmanship, and/or materials." D.I. 89 ¶ 3.[1] In fact, "FCA has actively concealed the existence of the Valve Train Defect by claiming that consumers are responsible for the failures, even when consumers follow FCA's published maintenance schedules." D.I. 89 ¶ 14. "FCA has also directed dealerships to inform consumers that the strange noises they hear coming from the Engines are normal and that no repairs are needed while the Class Vehicles are under warranty." D.I. 89 ¶ 14. "FCA has also failed to authorize permanent or complete repairs under warranty." D.I. 89 ¶ 14. "In this way, FCA has effectively and knowingly transferred the costs of repair to consumers, despite the requirements of its express warranties." D.I. 89 ¶ 14. "As a direct and proximate result of FCA's concealment of and failure to disclose the Defect, Plaintiffs and Class Members: (1) overpaid for the Class Vehicles at the time of purchase or lease because the Defect significantly diminishes the

---

[1] The Class Vehicles include "Dodge-, RAM-, Jeep-, and Chrysler-branded vehicles equipped with a Gen III 5.7-liter HEMI or 6.4-liter HEMI 392 V-8 engine . . . model years 2014 to present." D.I. 89 ¶ 1.

2

value of the Class Vehicles; (2) have Class Vehicles that suffer premature Engine and Engine-component failures, rendering them unsafe to drive; and (3) have expended and/or must expend significant money to have the Class Vehicles' Engine components and/or Engine replaced." D.I. 89 ¶ 19. "Had FCA disclosed the Valve Train Defect, Plaintiffs and Class Members would not have purchased the Class Vehicles or would have paid less for them." D.I. 89 ¶ 21.

On September 9, 2024, Plaintiffs filed their SAC. D.I. 89. The SAC includes several claims, including for breach of express warranty and unjust enrichment. D.I. 89. The SAC also makes nationwide class allegations. D.I. 89. On October 9, 2024, Defendant filed its Motion. D.I. 92. In its supporting brief, Defendant contends, under Federal Rule of Civil Procedure 12(b)(6), that the SAC fails to state the express warranty and unjust enrichment claims. D.I. 93. Defendant also contends that Plaintiffs do not have standing to pursue the nationwide class allegations. D.I. 93.

## II.    LEGAL STANDARD

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. 662, 678). But the Court will "'disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.'" *Princeton Univ.*, 30 F.4th 335, 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)).

3

In evaluating a motion to dismiss, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Pinnavaia v. Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705, 708 (D. Del. 2017) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)), *aff'd*, 2018 U.S. App. LEXIS 38873 (3d Cir. Apr. 6, 2018). Rule 12(b)(6) requires the Court to "accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff." *Brady v. Media*, No. 23-cv-1078-GBW, 2024 U.S. Dist. LEXIS 160991, at *4 (D. Del. Sep. 6, 2024). "A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat Factory*, 114 F.3d at 1420). The "movant bears the burden of demonstrating that the complainant failed to state a claim upon which relief may be granted." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 23-cv-239-KAJ, 2024 U.S. Dist. LEXIS 96985, at *4 (D. Del. May 31, 2024).

## III.   DISCUSSION

As discussed above, Defendant contends that Plaintiffs (A) fail to state the express warranty claims, (B) fail to state the unjust enrichment claims, and (C) do not have standing to pursue the nationwide class allegations. The Court addresses each in turn.

### A.   Plaintiffs Sufficiently State the Express Warranty Claims

FCA contends, on the basis of several grounds, that Plaintiffs fail to state the express warranty claims. For the reasons discussed below, FCA is wrong.

*First*, FCA contends that Plaintiffs fail to state the express warranty claims because the express warranties cover "only defects in material, workmanship, or factory preparation—not design" and Plaintiffs allege a "design defect." D.I. 93 at 7 (citations omitted). However, Plaintiffs also allege manufacturing defects:

4

> The Defect is also caused or exacerbated by following manufacturing defects, as FCA has experienced numerous issues with materials and workmanship with various valve train components during the manufacture of the engines during the Class Period. Specifically, the Defect as experienced by Class Members was caused by: 1) valve springs breaking due to material defects, such as foreign inclusions in the metal; 2) valve tips breaking because the supplier did not make them to FCA's specifications and FCA's failure to exclude such components from being installed in Class Vehicles; 3) the MDS solenoids leaking because the o-rings were installed improperly; and 4) malformed rocker arms created by a poor casting process which required modification. These manufacturing defects exacerbated or accelerated the rate of the breakdown of the valve train, leading to engine failure and/or engine damage. Discovery will show which Class Vehicles suffered from these manufacturing defects in addition to the overall design Defect.

D.I. 89 ¶ 136. These alleged manufacturing defects, contrary to FCA's contention that these allegations are conclusory (D.I. 93 at 9), are "sufficient to draw the reasonable inference that the defendant is liable" for breaching the express warranties alleged in this action. *See Doe*, 30 F.4th 335, 342 (cleaned up); *see also Shaaya v. Jaguar Land Rover N. Am. LLC*, Civil Action No. 2:20-cv-5679, 2022 U.S. Dist. LEXIS 114916, at *23 (D.N.J. June 29, 2022) (holding that "whether a defect is really a design or manufacturing defect is a factual question that is best resolved after the parties have an opportunity to conduct discovery").

*Second*, FCA contends that Plaintiffs fail to state a claim upon which relief can be granted because "the written warranties promise only a 'repair'" and, according to FCA, Plaintiffs do not allege that Plaintiffs "were refused repairs, that their repairs were unsuccessful, or that it cost them anything out-of-pocket." D.I. 93 at 10 (citation omitted). However, Plaintiffs do allege that the repairs were unsuccessful or that the repairs cost them out of pocket. *See, e.g.*, D.I. 89 ¶ 36 ("The Fairchilds paid a total of $2,775.51 out of pocket for the repair."), ¶ 50 ("The technician removed and replaced the exhaust manifold gasket and hardware, and Plaintiff Freischlag paid approximately $3,980.26 to attempt to repair the defect. "), ¶ 63 ("Despite this attempted repair, Plaintiff Garcia still experiences a ticking noise from his Class Vehicle."). ¶ 94 ("Plaintiff Petro

continues to hear ticking noises coming from his Class Vehicle."); *see also Wesley v. Samsung Elecs. Am., Inc.*, Civil Action No. 20-cv-18629 (JXN)(AME), 2024 U.S. Dist. LEXIS 115557, at *20 (D.N.J. June 30, 2024) (holding that plaintiff's "allegation establishe[d] a breach because she contacted [defendant manufacturer] and gave it a chance to repair her range, but [defendant] failed to do so").

*Third*, FCA contends that the express warranty claims are time-barred. D.I. 93 at 12. However, the Court already held that "Plaintiffs have adequately pleaded that the statute of limitations," with respect to implied warranty claims, "was tolled via fraudulent concealment." *Petro v. FCA US LLC*, No. 22-0621-GBW, 2024 U.S. Dist. LEXIS 146971, at *25 (D. Del. Aug. 16, 2024). FCA fails to present any cogent basis to reconsider this logic and, thus, the Court applies the same holding to the express warranty claims and the redhibitory[2] claim. *See id.*[3]

For the foregoing reasons, the Court will deny FCA's request to dismiss Plaintiffs' express warranty claims.

## B. Plaintiffs Fail to State the Unjust Enrichment Claims

Claims for unjust enrichment can be pled in the alternative under the laws of the states involved in this action. *See, e.g., Spindletop Expl. Co. v. Trinity Operating (USG), LLC*, No. CIV-

---

[2] *See* D.I. 93 at 12 (contending that "Kinchen's breach of redhibitory defects claim fails for the separate reason that such claims must 'be made within one year of the buyer's discovery of the defect or four years after delivery to the buyer, whichever occurs first.'").

[3] FCA also contends that under "Illinois and Texas law, repair-or-replace warranties are not express warranties under the UCC, and thus cannot sustain a breach claim under the UCC." D.I. 93 at 12. However, FCA fails to substantiate this argument in any meaningful way and, thus, the Court does not consider it. *See ECB USA, Inc. v. Savencia, S.A.*, No. CV 19-731-RGA, 2020 WL 5369076, at *4 (D. Del. Sept. 8, 2020) ("As a general prudential rule, courts only decide issues that are fairly and fully presented. Therefore, cursory arguments not fully developed by the parties are waived."); *Purewick Corp. v. Sage Prods., LLC*, 666 F. Supp. 3d 419, 441 (D. Del. 2023) ("[A]rguments . . . not squarely argued[] are considered [forfeited].") (some alterations in original).

19-310-RAW, 2020 U.S. Dist. LEXIS 77969, at *4 (E.D. Okla. May 4, 2020) ("Oklahoma law allows a plaintiff to plead alternative claims for relief, provided that there is no double recovery for the same injury."); *STP Invs. LLC v. Neotek Energy, Inc.*, No. 4:22-CV-00361-SDJ-CAN, 2023 U.S. Dist. LEXIS 49415, at *9 (E.D. Tex. Mar. 2, 2023) ("For that reason, under . . . Texas . . . law, unjust enrichment claims can be pled in the alternative to a breach of contract.").

Here, Plaintiffs plead their claims of unjust enrichment in the "alternative" to their "contractual warranty claims." D.I. 89 ¶ 252. However, where "the existence of a contract between the parties is undisputed, an unjust enrichment claim will seldom survive a motion to dismiss." *See Inspire Excellence, LLC v. Paccar Inc.*, No. 3:24-cv-50055, 2024 U.S. Dist. LEXIS 128606, at *7 (N.D. Ill. July 22, 2024); *see also Cain v. Int'l Fruit Genetics, Ltd. Liab. Co.*, No. 1:23-cv-01249-JLT-CDB, 2025 U.S. Dist. LEXIS 61032, at *8 (E.D. Cal. Mar. 30, 2025) ("For an unjust enrichment claim to survive as an alternative theory of recovery to a breach of contract claim, there must be doubt surrounding the relevant contract enforceability or existence." (cleaned up)). Here, given the existence of the warranties, the Court will dismiss the unjust enrichment claims.

Plaintiffs contend that it would be "unconscionable" to exclude coverage under the express warranties. *See, e.g.*, D.I. 89 ¶ 269. This contention, however, is not tantamount to alleging that the express warranties themselves are unconscionable or unenforceable. Plaintiffs also contend that their claims for unjust enrichment are "based on conduct that is not covered by the express warranty claims." D.I. 96 at 8. This allegation, however, is belied by Plaintiffs pleading unjust enrichment in the alternative. *Cain*, 2025 U.S. Dist. LEXIS 61032, at *8 ("For an unjust enrichment claim to survive as an alternative theory of recovery to a breach of contract claim, there must be doubt surrounding the relevant contract enforceability or existence." (cleaned up)).

For the foregoing reasons, the Court will dismiss Plaintiffs' claims for unjust enrichment without prejudice.

## C.    Plaintiffs Cannot Pursue Nationwide Class Allegations

This Court previously explained that named "plaintiffs cannot bring claims on behalf of putative class members unless they have standing to bring those claims themselves." *Petro*, 2024 U.S. Dist. LEXIS 146971, at *29. The Court held that, when "applied to the nationwide claims here, where adjudication under state substantive law would necessitate recognition of claims as specifically arising out of states other than those where Plaintiffs reside, Plaintiffs lack standing to bring claims on behalf of a nationwide class." *Id.* Therefore, the Court dismissed the nationwide class allegations. *Id.* at *29-30. Notwithstanding, Plaintiffs included the same allegations in their SAC. D.I. 89. Unsurprisingly, Defendants again moved to dismiss these allegations. D.I. 93 at 12-13. In response, Plaintiffs state that they "do not seek to reargue the merits regarding dismissal of Plaintiffs' nationwide class allegations, although Plaintiffs maintain that their nationwide claims should have been sustained and expressly preserve their previously made arguments on this issue for appeal." D.I. 96 at 2. Since Plaintiffs do not have standing to bring these claims for the same reasons discussed in the Court's prior ruling and, since Plaintiffs do not make any arguments on the merits in response to Defendant's contention, the Court will dismiss the nationwide class allegations again.

## IV.    CONCLUSION

For the following reasons, the Court grants-in-part and denies-in-part Defendant's Partial Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint (D.I. 92). An appropriate Order will accompany this Memorandum Opinion.

8